# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 22-1509V

| | |
|---|---|
| JEREMY NAGELBERG,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 9, 2024 |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Joseph Douglas Leavitt*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On October 13, 2022, Jeremy Nagelberg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as the result of an influenza vaccine received on December 24, 2021. Petition, ECF No. 1. On March 20, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,937.63 (representing $23,110.50 in fees plus $827.13 in costs). Application for Fees and Costs ("Motion") filed Mar. 21, 2024, ECF No. 37. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 10.

Respondent reacted to the motion on Mar. 29, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 39. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $485 for 2024 work performed by attorney Andrew Downing, representing a rate increase of $40; the hourly rate of $435 for 2024 work performed by attorney Ann Allison, representing a rate increase of $20; the hourly rate of $375 for 2024 work performed by attorney Courtney Jorgenson, representing a rate increase of $30; and the hourly rate of $175 for paralegal work performed in 2024. *Id.* at 10. I find these rates to be reasonable and will award the attorney's fees requested.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 37-1 at 14-40. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$23,937.63 (representing $23,110.50 in fees plus $827.13 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Andrew D. Downing.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.